IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

MYONG CHOL-MIN,

KIM YONG-BOK,

KIM CHOL-MIN,
  also known as "Jack,"

RI TONG-MIN,
  also known as "Elvis,"

RI WON-HO,

KIM SE-UN, and

SIM HYON-SOP,

Defendants.

CASE NO.

**Filed Under Seal**

## MOTION AND SUPPORTING MEMORANDUM TO SEAL INDICTMENT, ARREST WARRANTS, AND RELATED PAPERWORK

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court pursuant to Fed. R. Crim. P. 6(e)(4) to place under seal until further order of the Court the Indictment for MYONG CHOL-MIN, KIM YONG-BOK, KIM CHOL-MIN a/k/a "Jack," RI TONG-MIN a/k/a "Elvis," RI WON-HO, KIM SE-UN, and SIM HYON-SOP, and the Arrest Warrants for MYONG CHOL-MIN, KIM YONG-BOK, KIM CHOL-MIN a/k/a "Jack," RI TONG-MIN a/k/a "Elvis," RI WON-HO, KIM SE-UN, and SIM HYON-SOP, in the above-captioned case, as well as the Government's Motion to Seal and any order sealing the aforesaid documents. In support of its motion, the government states as follows:

1. An Indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate

prosecutorial reason, including, as recognized by the Rule itself, to take the defendant into custody and bring him or her before the court. *See United States v. Michael*, 180 F.2d 55, 57 (3d Cir. 1949); *see also United States v. Sharpe*, 995 F.2d 49 (5th Cir. 1993); *United States v. Southland Corp.*, 760 F.2d 1366, 1379-80 (2d Cir. 1985); *United States v. Lyles*, 593 F.2d 182 (2d Cir. 1979).

2.  Earlier today, March 27, 2025, a grand jury returned an Indictment against defendants MYONG CHOL-MIN, KIM YONG-BOK, KIM CHOL-MIN a/k/a "Jack," RI TONG-MIN a/k/a "Elvis," RI WON-HO, KIM SE-UN, and SIM HYON-SOP, charging them with the following offenses: 50 U.S.C. § 1705 (Conspiracy to Violate the International Emergency Economic Powers Act); 18 U.S.C. §§ 1344, 1349 (Conspiracy to Commit Bank Fraud); and 18 U.S.C. §§ 1956(h), 1956(a)(2)(A) (Conspiracy to Commit Money Laundering).

3.  This case involves an illicit scheme by MYONG CHOL-MIN, KIM YONG-BOK, KIM CHOL-MIN a/k/a "Jack," RI TONG-MIN a/k/a "Elvis," RI WON-HO, KIM SE-UN, and SIM HYON-SOP, and others, since at least April 2007, to import tobacco into North Korea and pay for it in U.S. dollars, in violation of U.S. sanctions against the DPRK. Using multiple front companies and falsified documents, the defendants concealed North Korea's role in these transactions from U.S. financial institutions, causing those institutions to process them. Between August 2007 and December 2020, multiple U.S. financial institutions processed at least $295 million in financial transactions to further one of the defendants' company's cigarette and counterfeit cigarette manufacturing. From at least approximately in or around April 2021 until in or around June 2023, another DPRK tobacco company of some of the defendants procured tobacco materials through a company in South Africa to construct cigarettes, including counterfeit cigarettes, in order to generate income for the DPRK and its regime, and paid for these materials

in U.S. dollars in violation of U.S. sanctions against the DPRK.

4. Defendants MYONG CHOL-MIN, KIM YONG-BOK, KIM CHOL-MIN a/k/a "Jack," RI TONG-MIN a/k/a "Elvis," RI WON-HO, KIM SE-UN, and SIM HYON-SOP have not yet been apprehended on these charges and are still located abroad in the DPRK. Should this indictment become public without necessary preparations, news of the indictment may frustrate law enforcement efforts to arrest MYONG CHOL-MIN, KIM YONG-BOK, KIM CHOL-MIN a/k/a "Jack," RI TONG-MIN a/k/a "Elvis," RI WON-HO, KIM SE-UN, and SIM HYON-SOP, and their co-conspirators.

5. The sealing of the Indictment will not negatively impact MYONG CHOL-MIN, KIM YONG-BOK, KIM CHOL-MIN a/k/a "Jack," RI TONG-MIN a/k/a "Elvis," RI WON-HO, KIM SE-UN, and SIM HYON-SOP, as they have not yet been arrested for these offenses.

6. Accordingly, the United States submits that under *Washington Post v. Robinson*, 935 F. 2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Arrest Warrants, this Motion, and any Order to Seal, until such time as the defendant is arrested.

7. In addition, the government respectfully moves for the Indictment and Arrest Warrants to remain sealed -- with the exception that the Government be permitted to disclose the Indictment, the Arrest Warrants, and the Order to Seal to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel the defendants, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

8. The government further requests that the Court order that the Indictment, Arrest Warrants, and any related filings may be unsealed upon the government filing on the record a Notice to Unseal, at which time the action would be automatically unsealed. To avoid consuming scare judicial resources or requesting that the Court act within a specified time period, the government requests that the Court permit the automatic unsealing of this matter when the government provides notice that the relevant considerations permit such actions. That is, issuing the requested order would allow the government to unseal the action when it deems any relevant considerations to have been satisfied without burdening the Court with another request for immediate unsealing.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing the Indictment and Arrest Warrants as well as sealing this Motion and the Court's sealing Order until further order of this Court. A proposed Order is submitted herewith.

Respectfully submitted,

EDWARD R. MARTIN, JR.
UNITED STATES ATTORNEY
D.C. BAR NO. 481866

Date: March 27, 2025

By: /s/ *John F. Korba*
John F. Korba
Assistant U.S. Attorney
D.C. Bar Number 1010303
United States Attorney's Office
601 D Street, NW, 5th Floor
Washington, D.C. 20530
(202) 252-7246
John.Korba@usdoj.gov